IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

REEVES CONSTRUCTION COMPANY,

    Plaintiffs,

v.

BAKER CONSTRUCTORS, INC; STOY MARLOW; and BRIAN REGENHARDT,

    Defendants.[1]

CIVIL ACTION NO.: 4:18-cv-73

## **O R D E R**

This matter is before the Court on Defendant Baker Constructors, Inc.'s Motion to Dismiss Plaintiff's Complaint, (doc. 15), and Plaintiff's subsequently-filed First Amended Complaint, (doc. 94). For the reasons set forth below, the court **DENIES as moot** Defendant's Motion to Dismiss. (Doc. 15.)

On April 2, 2018, Plaintiff filed its initial complaint seeking an injunction and alleging claims of misappropriated trade secrets and related computer violations arising under various state and federal laws. (Doc. 1.) Plaintiff also brought state-law claims for breach of fiduciary duty, breach of contract, tortious interference with contractual relations and employment relations, conversion, and civil conspiracy. (Id.) Defendant moved to dismiss Plaintiff's Complaint for failure to state a claim, arguing that it is a "shotgun" pleading and that the claims alleged therein are not well-pleaded. (Doc. 15; see also doc. 16.) Plaintiff filed a Response in Opposition, (doc. 25), to which Defendant replied, (doc. 28).

---

[1] In addition, Movants Robert B Baker and R.B. Baker Holdings, LLC filed a Motion to Quash Third-party Subpoenas, (doc. 41), which the Court dismissed as moot, (docs. 72, 98).

Following litigation over the arbitrability of the claims in Plaintiff's Complaint and the scope of discovery, (see, e.g., docs. 40, 41, 43, 72, 98), Plaintiff filed a Motion for Leave to Amend Complaint, (doc. 84), which Defendants did not oppose, (docs. 88, 89), and the Court granted, (doc. 90).[2] Plaintiff then sought to file its First Amended Complaint under seal, (doc. 91), because it contains information deemed confidential per the Protective Order in place in this case, (see doc. 33). On February 27, 2019, the Court granted Plaintiff leave to file under seal, (doc. 93), and Plaintiff duly filed its First Amended Complaint under seal, (doc. 94). Plaintiff avers that its First Amended Complaint will moot Defendant Baker Constructors, Inc. Motion to Dismiss. (Doc. 84, p. 2 ("Plaintiff now seeks to amend its Complaint . . . to allege those additional facts [learned through discovery] and to moot the alleged deficiencies interposed by [Defendant's] pending motion to dismiss.").)

Under black letter federal law, "an amended complaint supersedes the initial complaint and becomes the operative pleading in the case." Lowery v. Ala. Power. Co., 483 F.3d 1184, 1219 (11th Cir. 2007) (citations omitted). This means that "the original pleading is abandoned by amendment and is no longer a part of the pleader's averments against his adversary." Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006) (citation omitted). An amended complaint thus "renders [the original] of no legal effect." Arce v. Walker, 139 F.3d 329, 332 n.4 (2d Cir. 1998) (citation omitted); see also Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016) (initial filing "bec[o]mes a legal nullity") To be sure, however, an original complaint would still have legal effect if "the amendment specifically refers to or adopts the earlier pleading." Varnes v. Local 91, Glass Bottle Blowers Ass'n, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982) (citation omitted). An amended complaint that does not

---

[2] Whether this case will proceed here or be sent to arbitration remains an outstanding issue and is contingent, in part, on the facts and allegations raised by Plaintiff in its First Amended Complaint. (See Doc. 98.)

incorporate the prior pleading, therefore, moots "the motion to dismiss the original complaint because the motion seeks to dismiss a pleading that has been superseded." Wimberly v. Broome, No. 6:15-CV-23, 2016 WL 3264346, at *1 (S.D. Ga. Mar. 29, 2016) (collecting cases).

The Court has reviewed Plaintiff's First Amended Complaint and found no reference to, or adoption of, any allegations set forth in its prior pleading. (See Doc. 94.) As such, Plaintiff's First Amended Complaint is the sole operative pleading in this case and renders moot Defendant Baker Constructors, Inc.'s Motion to Dismiss Plaintiff's Complaint, (doc. 15). Moreover, mootness is particularly applicable here where Defendant challenged the substance and legal sufficiency of Plaintiff's allegations and where Plaintiff directly responded to those challenges in its First Amended Complaint. Accordingly, the Court **DENIES as moot** Defendant's Motion to Dismiss. (Id.)

**SO ORDERED**, this 20th day of March, 2019.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA