# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

REEVES CONSTRUCTION COMPANY,

    Plaintiff,

v.

BAKER CONSTRUCTORS, INC.; STOY MARLOW; and BRIAN REGENHARDT,

    Defendants.

CIVIL ACTION NO.: 4:18-cv-73

## STIPULATED CONSENT ORDER

This matter is before the Court on the parties' Joint Motion to Enter Stipulated Consent Order. (Doc. 120.) The Court has considered the parties' Motion and notes that the terms requested therein are agreed to by all parties to the litigation. (Id.) As such, the Court **GRANTS** the parties' Joint Motion to Enter Stipulated Consent Order. (Id.) The Court's entry of this Stipulated Consent Order is not an adjudication of the merits of any claims or defenses asserted in this action (the "Litigation"). Nor shall any of the terms herein be construed as an admission by any party as to any claims or defenses in the Litigation.

WHEREAS, Defendant Baker Constructors Inc. ("BCI") has moved to compel arbitration and contends that all of Plaintiff Reeves Construction Company's ("Reeves") claims in this Litigation are subject to binding arbitration pursuant to a July 30, 2010 Asset Purchase Agreement (the "APA"). (Doc. 106.)

WHEREAS, Defendants Stoy Marlow and Brian Regenhardt have joined in Defendant BCI's Motion to Compel Arbitration and also contend that Plaintiff's claims in this Litigation are subject to binding arbitration pursuant to the APA. (Doc. 110.)

WHEREAS, Plaintiff has opposed Defendant BCI's Motion to Compel Arbitration and contends that none of Plaintiff's claims in this Litigation are subject to arbitration. (Doc. 119.)

WHEREAS, and notwithstanding the foregoing, the parties have agreed to arbitrate the claims made in this Litigation pursuant to the terms of the APA's arbitration clause, which is set forth at Section 12.8 of the APA and incorporated herein by reference.

WHEREAS, and notwithstanding the foregoing, Defendants deny any liability to Plaintiff, and Defendant BCI specifically denies that it is liable for any alleged taking, transfer or use of any of the information subject of the current Stipulated Consent Order.

WHEREAS, in consideration for Plaintiff's agreement to arbitrate the claims it has asserted in this Litigation and to aid the forthcoming arbitration proceeding, Plaintiff and Defendants agree to the following:

NOW, THEREFORE, the parties agree and the Court **ORDERS** the following:

1. The Parties shall arbitrate the claims at issue in this Litigation and any other claims relating to the same nucleus of facts pursuant to the terms of the APA's arbitration clause, and the parties agree that the arbitration panel shall arbitrate and have the jurisdiction to arbitrate all claims brought or which could have been brought based on the same nucleus of facts in the Litigation. Delivery of the "Notice of Arbitration" to each of the Defendants, as described in the APA, shall be satisfied by providing such notice via overnight commercial courier (next business day delivery) to the respective counsel of record for Defendants.

2. All statutes of limitations and repose for the claims asserted by Plaintiff in this Litigation are tolled as of the date of the filing of the Complaint in this matter.

3. Defendants warrant and represent that they are not currently knowingly using any property or non-public information of Plaintiff Reeves or its corporate parent, Colas Inc.

("Colas") that was in the possession of or copied, taken, or transferred by any former Reeves employee subsequently employed by BCI (hereinafter referred to as "Reeves Property").

4. Defendants warrant and represent that they have taken reasonable efforts to locate and identify any Reeves Property in their possession, and Defendants will take prompt and appropriate steps to cease utilizing any Reeves Property that Defendants or their counsel learn of after the date of this Stipulated Consent Order.

5. Defendants state that they have no intention or desire to use any of the Reeves Property. Defendants further deny that any of Reeves Property has been used in any manner which would form or support the basis of any civil claim against them. Plaintiff understands that certain property delineated by Reeves as Reeves Property is subject to disagreement amongst the parties to this Stipulated Consent Order as to whether such property constitutes trade secrets or otherwise protected information.

6. Defendants warrant and represent that they are not aware of any Reeves Property currently in their possession, custody or control except that which relates to Defendants' obligations to preserve evidence or in connection with the defense of Reeves's claims. To the extent that Defendants become aware of additional Reeves Property in their possession, they will promptly tender any such additional Reeves Property and all copies thereof to their counsel of record.

7. Prior to taking any action to enforce the terms of this Stipulated Consent Order in connection with any alleged continuing or future use of Reeves Property by Defendants, Plaintiff will provide counsel for Defendants written notice of the alleged use, and Defendants shall have ten (10) days to cure any alleged breach of this Stipulated Consent Order. Counsel for Plaintiff

and Counsel for Defendants shall work in good faith with each other to resolve any alleged breach during the ten (10) day cure period.

8. Upon the conclusion of the arbitration proceedings, Defendants, including Defendants' counsel, shall return to Plaintiff or, at Plaintiff's request, take reasonable steps to destroy or delete any and all Reeves Property within Defendants' possession, custody, or control, whether in hard copy or electronic form and certify in writing that all such property has been returned and/or destroyed in accordance with the arbitrators' instructions and subject to a final determination as to what constitutes Reeves Property specifically. The parties will endeavor in good faith to work with one another to create a reasonable protocol to satisfy the obligations of this provision.

9. Plaintiff shall not be required to post any bond or other security in connection with the entry of this Stipulated Consent Order or the terms thereof.

10. Any dispute with regard to any provision of this Stipulated Consent Order or the enforcement thereof shall be presented to and decided by the arbitration panel. No action or motion to enforce any of the provisions of this Stipulated Consent Order shall be filed or presented to this Court or any other judicial forum unless and until the requesting party has sought and received leave from the arbitration panel to make such a judicial request based on a finding by the arbitration panel that the relief sought would aid the arbitration proceeding in accordance with the provisions of Section 12.8 of the APA.

11. The arbitration award shall be enforced consistent with Section 12.8 of the APA and the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*.

The parties having agreed to arbitrate the dispute in this matter and having agreed to the stipulated terms set forth above, the Court **STAYS** this case in its entirety and **ORDERS** the

parties to apprise the Court of the status of this case **within twenty-one (21) days** of the arbitration proceeding's completion.[1] If the arbitration proceeding has not resolved by November 1, 2019, the parties shall file a joint status report on or before November 8, 2019, and every 90 days thereafter until the arbitration proceedings are completed.

**SO ORDERED**, this 19th day of April, 2019.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Accordingly, the Court **DENIES as moot with leave to refile** Defendant BCI's Motion to Compel Arbitration and Stay Discovery, (doc. 43), Emergency Motion to Stay and Shorten Plaintiff's Length of Time to Respond, (doc. 103), and Supplemental Motion to Compel Arbitration, (doc. 106). In addition, the Court **DISMISSES as moot** the Magistrate Judge's Report and Recommendations at Docket Numbers 72 and 98 as these recommendations pertain to the parties' arbitrability dispute. However, the Magistrate Judge's Orders contained in these filings remain in effect. (See Docs. 72, 98.) Finally, the Court **DENIES without prejudice and with leave to refile** Defendant BCI's Motion to Dismiss Plaintiff's First Amended Complaint. (Doc. 107.)